IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONTE MICHAEL JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-16-2736 |
| WARDEN RICKY FOXWELL, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Donte Michael Jackson's 42 U.S.C. § 1983 (2012) civil rights Complaint (ECF No. 1) dated July 27, 2016 and his Motion for Leave to Proceed in Forma Pauperis (ECF No. 2). Because Jackson appears indigent, the Court will grant his Motion for Leave to Proceed in Forma Pauperis. The Court, however, will also dismiss Jackson's Complaint because he fails to state a claim upon which relief may be granted.

Jackson is currently confined at the Eastern Correctional Institution ("ECI"). In his Complaint, he concedes that on July 10, 2016, he refused to allow a correctional officer to close the feed-up slot to his cell door. Jackson alleges that as a result of this misconduct, Officer-in-Charge Sergeant J. Bromley ordered that Jackson be placed on a "segregation loaf" diet.[1] Jackson consumed segregation loafs for breakfast, lunch, and dinner from July 10 to July 13, 2016. He seeks $15,000 in

---

[1] In August 2000, the Division of Correction adopted a policy allowing prisoners to be fed a special management meal or "food loaf" as a type of behavior modification. The meal is provided three times per day in lieu of regular meals. See Division of Correction Directive ("DCD") 110-18. Food loaf consists of whole wheat bread, imitation cheese, carrots, spinach, raisins, Great Northern Beans, vegetable oil, tomato paste, powdered milk, and potato flakes. These ingredients are kneaded into loaves and baked. DCD 110-18, § VI.E, Appendix 2. Food loaf is designed to provide approximately 940 calories per serving, or 2,820 calories per day. Prison officers are required to consult with medical staff within two working days of an inmate's placement on the special

damages, asserting that ECI staff violated ECI regulations when they used food as punishment. Jackson names only ECI Warden Ricky Foxwell as a defendant.

Because Jackson seeks to proceed in forma pauperis, the Court must screen his complaint. 28 U.S.C. § 1915A(a); see McLean v. United States, 566 F.3d 391, 394 (4th Cir. 2009). Before permitting the case to move forward or requiring a response from Warden Foxwell, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

There is no respondeat superior liability under 42 U.S.C. § 1983. Love–Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). Thus, "for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'" Garraghty v. Com. of Va., Dep't of Corr., 52 F.3d 1274, 1280 (4th Cir. 1995) (quoting Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985)). It is well-settled, however, that "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)). To establish supervisory liability, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices [ ]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. (quoting Shaw, 13 F.3d at 799).

---

management meal program to ensure there are no medical reasons why it should not be used. Id.

Because Jackson does not allege that Warden Foxwell was personally involved in placing him on the segregation loaf diet, he must allege a basis for holding Warden Foxwell liable under the doctrine of supervisory liability.  Jackson, however, does not allege any of the elements of supervisory liability.  Accordingly, the Court concludes Jackson fails to state a claim upon which relief may be granted, and the Court will dismiss his Complaint.

For the foregoing reasons, the Court will DISMISS Jackson's Complaint (ECF No. 1) without prejudice.  A separate Order follows.

Entered this 16th day of August, 2016

/s/

George L. Russell, III
United States District Judge